IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOSEPH B.,[1]**

          Plaintiff,

        v.

**COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,**

          Defendant.

**Civ. No. 6:19-cv-01213-MC**

**OPINION AND ORDER**

_____

**MCSHANE, Judge**:

Plaintiff Joseph B. was denied Disability Insurance Benefits under Title II of the Social Security Act. He appeals to this Court, arguing that the Administrative Law Judge ("ALJ") erred by improperly discrediting his subjective symptom testimony and incorrectly weighing certain medical opinions. Because the Commissioner of Social Security's ("Commissioner") decision follows proper legal standards and is supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. _Id._; _Batson v. Comm'r Soc. Sec. Admin._, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## <u>DISCUSSION</u>

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: recurrent patellar subluxation and quadriceps tendinopathy; patellofemoral osteoarthritis of the right knee; posterior tibial tendinitis; chronic low back pain syndrome/mild degenerative disc disease; Marfan syndrome; moderate right hip osteoarthritis; and depression. Tr. 22.[2] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the Listing of Impairments. Tr. 22. The ALJ assigned Plaintiff the following RFC:

---

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

The claimant . . . [can] perform a range of sedentary work . . . except he requires the option to change positions from sitting to standing at will while still performing essential tasks. He can occasionally climb ramps or stairs, but he must avoid climbing ladders, ropes, or scaffolds. He can occasionally operate foot controls with his right lower extremity. He must avoid exposure to workplace hazards, such as unprotected heights or large moving equipment. He can occasionally stoop or crouch, but he must avoid crawling or kneeling. He can understand, remember, and carry out no more than simple instructions (i.e.[,] consistent with a reasoning level of 2 and unskilled work as defined by the Dictionary of Occupational Titles).

Tr. 24. Based on the vocational expert's testimony, the ALJ concluded Plaintiff could not perform past relevant work but could perform other jobs that exist in significant numbers in the national economy. Tr. 27–28. The ALJ thus determined that Plaintiff was not disabled. Tr. 28.

## I. Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ erred by rejecting Plaintiff's subjective symptom testimony. An ALJ may reject testimony about the severity of a claimant's symptoms only by offering "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ may "consider a range of factors," including:

(1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson*, 359 F.3d at 1197.

Plaintiff testified that he is constantly in pain and that both sitting and standing can aggravate his symptoms. Tr. 54–55. Plaintiff alleged that "he needed to stand every 45 minutes for 20-30 minutes at a time." Tr. 25, 53–54. Plaintiff also testified that he had limited mobility because of his pain. Tr. 64. The ALJ assigned Plaintiff's subjective symptom testimony partial weight, finding:

> the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms . . . the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Tr. 25. Plaintiff argues that the ALJ erred by failing to mention two specific portions of Plaintiff's testimony that detailed techniques Plaintiff used to help alleviate his back pain and Plaintiff's statement that he could not work two or more times per week. Pl.'s Br. 7–8, ECF No. 14 (citing tr. 61, 67, 529).

A review of the record reveals that the "ALJ accurately summarized Plaintiff's allegations . . . [even] though the ALJ did not recite every statement that Plaintiff made about his limitations[.]" Def.'s Br. 2, ECF No. 15. An ALJ's findings need only be "sufficiently specific to permit the [reviewing] court to conclude that the ALJ did not arbitrarily discredit a claimant's testimony." *Bunnell v. Sullivan*, 921 F.2d 1210, 1215 (9th Cir. 1991) (en banc) (quotation omitted). The ALJ here discussed Plaintiff's medical record thoroughly. *See* tr. 25–27. This included a dialogue about conflicting medical evidence from examining physician Dr. Derek Leinenbach. Tr. 25, 836–39. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). And because Dr. Leinenbach was an examining physician, that "alone constitutes substantial evidence." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff points to this Court's decision in *Christie G. v. Comm'r of Soc. Sec.*, No. 1:18-cv-01853-MC, 2020 WL 417778 (D. Or. Jan. 27, 2020) as support for his contention that the ALJ erred by not being specific enough. But in *Christie G.*, the legal error was that the ALJ did "not clearly relate [their] findings back to specific portions of Plaintiff's testimony or explain why that evidence contradicts Plaintiff's testimony." *Id.* at *5. The ALJ did not commit such an error here. *See* tr. 25–26 (explaining how objective medical evidence supported some of Plaintiff's opined physical limitations, but not all); *see also* 26–27 ("A restriction to sedentary tasks with an option to sit or stand at will reasonably accounts for the claimant's chronic pain. The claimant's own physician subsequently endorsed this conclusion in January 2018.").

Because the ALJ's decision is supported by substantial evidence, irrespective of whether specific portions of Plaintiff's testimony were referenced, the Court finds that the ALJ did not err. *Thomas*, 278 F.3d at 959.

## II. Medical Opinions

Plaintiff next argues that the ALJ erred in the assessment of the various medical opinions in the record. The ALJ is tasked with resolving conflicts in the medical record. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (internal quotation marks and citation omitted). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.* Opinions of non-treating or non-examining physicians

"may . . . serve as substantial evidence when the opinions are consistent with . . . other evidence in the record." *Thomas*, 278 F.3d at 957.

### A. Jeffrey Bert, M.D.

Plaintiff argues that the ALJ incorrectly weighed Dr. Bert's opinion. Pl.'s Br. 12–14. Dr. Bert was Plaintiff's treating orthopedic doctor and opined the following in 2015:

> [Plaintiff] is a patient of mine who is in need of back surgery. Unfortunately, he had to be canceled because of cardiac issues. He is undergoing a work up to establish his cardiac issues and to see really if it is safe to go ahead with surgery. *He has inability to work because of his ongoing back problems.*

Tr. 864 (emphasis added).

The ALJ found that "Dr. Bert's clinical observations reasonably support a restriction to sedentary tasks, but I decline to adopt the physician's conclusion the claimant's back pain precludes *all* work activity." Tr. 26 (emphasis in original). The ALJ began by focusing on Dr. Bert's own treatment notes, finding that they conflicted with his opinion. Tr. 26 (citing tr. 856–58). The ALJ next discussed more recent evidence that suggested Plaintiff's "progressive decline in . . . [Plaintiff's] overall physical function" was not aligned with Dr. Bert's opinion. Tr. 26 (citing tr. 1090, 1097–1101, 1127–37, 1224–27). Finally, the ALJ agreed with Dr. Bert's assessment that Plaintiff required the ability to shift positions at will. Tr. 26.

Plaintiff points to treatment records that conflict with the ALJ's conclusion. For example, at various times throughout 2016, treatment notes reveal that Plaintiff had significant discomfort. Tr. 527, 803, 832. Plaintiff also received an epidural steroid injection to help alleviate his pain. Tr. 527. And even though Dr. Leinenbach's opinion differed from Dr. Bert's opinion, Dr. Leinenbach still noted that Plaintiff could "only partially squat without assistance, *limited due to lower back pain and right knee pain*." Tr. 838 (emphasis added).

If a treating physician's "opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo*, 871 F.3d at 675 (quotation and citation omitted). As specifically noted by the ALJ, Dr. Bert's opinion was contradicted by Dr. Leinenbach's opinion. Tr. 25. The ALJ further pointed to other parts of the record that contradicted Dr. Bert's opinion. An ALJ may consider conflicts in the record when weighing medical evidence. 20 C.F.R. §§ 404.1527(c)(4), 416.1527(c)(4). While Plaintiff presents a rational interpretation of the record, the Court must uphold the ALJ's decision if it too is rational. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995) ("If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner].").

Throughout Plaintiff's argument, he alleges that the ALJ did not "consider . . . appropriate factors" when evaluating Dr. Bert's testimony. *See* Pl.'s Br. 14 (citing *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017)). The ALJ specifically stated that they "considered opinion evidence in accordance with the requirements of 20 C.F.R. [§§] 404.1527[,] 416.927," yet did not discuss these factors explicitly when weighing the various medical opinions. Tr. 24. But "[n]ot every factor for weighing opinion evidence will apply in every case." Social Security Ruling 06-03p, 2006 WL 2329939, at *5. And the Court will affirm an ALJ's decision if it is supported by substantial evidence. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017). It therefore follows that the ALJ here "was not required to specifically reference each factor listed in 20 C.F.R. § 404.1527(c)" because substantial evidence supported the ALJ's decision. *Harris v. Colvin*, 584 Fed. Appx. 526, 527 n.1 (9th Cir. 2019) (unpublished) (citation omitted); *see also* tr. 1090, 1097– 1101, 1127–37, 1224–27.

**B. Susan Moner, M.D. and K. Annette Weller, M.D.**

Plaintiff argues that the ALJ's assessment of Dr. Moner and Dr. Weller's opinions were incorrect. Pl.'s Br. 14–18. As to Dr. Moner, Plaintiff objects to the ALJ's decision to assign her opinion "significant weight." Tr. 26. Dr. Moner opined that Plaintiff could only stand for two hours during a workday, that Plaintiff needed to switch between sitting and standing at will, but that Plaintiff could still work in jobs that allowed for these limitations. Tr. 194–97, 215–18. The ALJ found that Dr. Moner's "functional assessment . . . reasonably account[ed] for the objective medical findings . . . , while acknowledging the claimant's own estimate of his lifting capacity." Tr. 26 (citations omitted).

Similar in substance to Plaintiff's argument regarding the opinion of Dr. Bert, Plaintiff again seeks a different interpretation of the record. *See* Pl.'s Br. 14–16. But the Court agrees with the Commissioner that "[a]n ALJ is responsible for 'translating and incorporating' credited medical opinions 'into a succinct [RFC]' assessment." Def.'s Br. 5 (quoting *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015)). And for many reasons already discussed, the ALJ's decision is supported by substantial evidence in the record. The Court is thus bound to uphold the ALJ's decision to assign Dr. Moner's opinion significant weight. *See Flaten*, 44 F.3d at 1457.

Turning to Dr. Weller, the ALJ agreed with the opinion that Plaintiff was limited to sedentary work. Tr. 26, 1097–1101. Dr. Weller based this opinion on a previous evaluation from 2017. Tr. 1099. The opinion is notably sparse, with Dr. Weller answering many inquiries with "Unknown." *See* tr. 1099–1101. Plaintiff argues that the ALJ gave a "misleading misstatement of [Dr. Weller's] opinion." Pl.'s Br. 16.

The Court disagrees. While Dr. Weller acknowledged some of Plaintiff's pain and symptoms, Dr. Weller still explicitly wrote that Plaintiff could perform sedentary work. Tr. 1097–1099. On this record, the ALJ found that Dr. Weller "recommended in January of 2018 that the claimant be restricted to sedentary work – but the physician was otherwise unwilling to offer any particular functional limitations." Tr. 26. From the Court's perspective, this is an accurate representation of Dr. Weller's opinion.

In sum, the ALJ's weighing of Dr. Moner and Dr. Weller opinions were supported by substantial evidence and not based on legal error. *See Shaibi*, 883 F.3d at 1108.

## <u>CONCLUSION</u>

For these reasons, the Commissioner's final decision is AFFIRMED.[3]

IT IS SO ORDERED.

DATED this 24th day of March, 2021.

___s/Michael J. McShane_____
Michael J. McShane
United States District Judge

---

[3] Plaintiff also argued that the Commissioner failed at Step Five to meet their burden. Pl.'s Op. Br. 19–20. Plaintiff contended that the ALJ incorrectly assessed the record. *Id.* But as discussed above, the ALJ did not err in their assessment of the record, so it follows that the Commissioner met their burden in "identify[ing] specific jobs . . . [that exist] in substantial numbers in the national economy[.]" *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (internal quotation marks and citation omitted).